Filed 9/7/16  P. v. Miguel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C080164 |
| v. | (Super. Ct. No. 14F05926) |
| GUILLERMO LOPEZ MIGUEL, | |
| Defendant and Appellant. | |

Defendant Guillermo Lopez Miguel pleaded no contest to lewd and lascivious conduct upon the same victim under the age of 14 years.  (Pen. Code, § 288, subd. (a) -- counts two, eight, and seventeen.)[1]  In connection with count seventeen, defendant admitted inflicting great bodily injury.  (§ 12022.7.)  The parties stipulated to a minimum sentence of 13 years and a maximum sentence of 15 years.  The trial court sentenced defendant to an aggregate term of 13 years in prison and dismissed the remaining 14 counts on the prosecutor's motion.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court violated ex post facto principles in imposing a $300 restitution fine (§ 1202.4, subd. (b)(1)) and a $300 parole revocation fine (§ 1202.45, subd. (a)) because his count two offense was committed between June 1, 2012, and July 30, 2012, his count eight offense was committed between November 28, 2012, and September 30, 2013, and his count seventeen offense was committed between October 1, 2013, and November 3, 2013. In the alternative, defendant contends his trial counsel rendered ineffective assistance in failing to object to the restitution and parole revocation fines.

DISCUSSION

We dispense with a further recitation of the facts because they are not relevant to defendant's contentions on appeal. Section 1202.4, subdivision (b)(1) provides in relevant part: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)."

Defendant asserts that $300 was not the minimum fine amount for his offenses committed in 2012 and 2013. He argues the minimum amount was $240 for 2012 and $280 for 2013. According to defendant, the trial court "clearly" intended to impose the minimum statutory amounts for the fines because it said it would "impose only the mandatory fees and fines" but "waive any discretionary fees and fines." Defendant claims only the minimum amount of each fine is mandatory; any higher amount is discretionary.

The People counter that defendant forfeited this contention because he did not object in the trial court. We will address the merits of the contention because defendant also asserts ineffective assistance of counsel. The People add that there was no ex post

2

facto violation because the $300 amount was within the authorized range for the fines, and defense counsel was not deficient in not objecting because probation was recommending $4,500 fines.

We conclude there was no ex post facto violation and defendant has not established ineffective assistance. Defendant does not point us to anywhere in the record where the trial court said it intended to impose the "minimum" amount of the mandatory fines. Based on our reading of the record, the trial court expressed its intent to impose mandatory fines, e.g., a restitution fine and a parole revocation fine. It did not express the intent to impose a minimum mandatory fine. The $300 amount was not unauthorized because it was within the authorized range. Moreover, defendant cannot show that defense counsel's failure to object was deficient or resulted in prejudice, given that probation recommended significantly higher fines and the trial court did not indicate that it intended to impose minimum amounts.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
HULL, Acting P. J.

_____/S/_____
MURRAY, J.

3